IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| v. | § CASE NUMBER 1:12-CR-00011-MAC |
| | § |
| | § |
| JOHN STEVEN STARK | § |
| | § |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR ADJUSTMENT OF RESTITUTION**

Pursuant to 28 U.S.C. § 636, the Federal Rules of Criminal Procedure, and the Local Rules for the Eastern District of Texas, this criminal matter is before the undersigned magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. Now before the undersigned for a recommended disposition is Defendant's *pro se* Motion for Adjustment of Restitution Order. (Doc. #35.)

## I. BACKGROUND

On October 1, 2012, the district court entered a Judgment against John Steven Stark ("Stark") convicting him of bank robbery and sentencing him to a term of 169 months' imprisonment. (Doc. #32.) In addition, he was ordered to pay $5,390.17 in restitution with no interest and a special assessment of $100. (*Id.* at 6.)

The court further ordered "the restitution payments to begin *immediately* and any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly rate of at least ten percent of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, non-recurring

bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid fine balance within 5 days of receipt." (*Id.* at 8.) In addition, the court recommended that Stark "participate in the Inmate Financial Responsibility Program at a rate determined by the Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility Program." (*Id.* at 3.)

Stark is currently incarcerated while serving his sentence. He asserts in his motion that he received a one time $1,400 stimulus payment per the American Rescue Plan Act in 2020, which was declared exempt from levy by President Biden. (Doc. #35.) Based upon this deposit into his prison trust account, his quarterly payments through the Inmate Financial Responsibility Program (IFRP) were recalculated so that he paid $742.88 on June 10, 2022, and is scheduled to pay another $742.88 in September 2022. (*Id.*) Prior to this larger payment, he regularly paid $25 quarterly. (*Id.* at Ex. A.) He alleges that he cannot afford to make the second payment of $742.88 and requests that the court cap his payments to $25 until June 8, 2024. (*Id.* at 1.) Stark provided a printout of his inmate transactions showing his quarterly payments of $25 and a payment of $742.88 on June 10, 2022, but there is no indication as to the amount due for his future payments. (*Id.* at Ex. A.)

## II. DISCUSSION

If a person obligated to pay restitution receives "substantial resources" from any source during a period of incarceration, such person shall be required to apply that value to any restitution still owed. 18 U.S.C. § 3664(n). The Government may pursue all of a defendant's non-exempt assets to pay restitution, including those in his BOP inmate trust account. 18 U.S.C. § 3613(a).

The district court ordered Stark to pay restitution *immediately* while incarcerated.[1] When restitution is due immediately, the Bureau of Prisons may establish a payment plan through its IFRP. *Bloch v. Lake,* 183 F. App'x 471 (5th Cir. 2006) (citing *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1998) and *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998)). The Bureau of Prisons does not attempt to set restitution, but merely collects it as ordered by the court. *Id.* Stark voluntarily participates in the IFRP operated by the BOP. This program's purpose is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program explains how inmates pay restitution orders. Ordinarily, the minimum payment for non-UNICOR and UNICOR grade 5 inmates will be $25.00 per quarter. 28 C.F.R. § 545.11. This minimum payment, however, may exceed $25.00, taking into consideration the inmate's specific obligations, institution resources, and community resources. *Id.*

With regard to Stark's claim of exemption as to his stimulus payment, Section 3613(a) refers to a certain provision of the Internal Revenue Code for property exempt from levy—Section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986. Thus, the only exemptions available to Stark in the context of his criminal victim restitution order are:

    (1) wearing apparel and school books;

---

[1] The undersigned finds that this case is distinguishable from *United States v. Diggs*, 578 F.3d 318, 319-320 (5th Cir. 2009), which requires a prisoner to file a § 2241 petition when challenging a IFRP payment plan. Here, the district court has subject matter jurisdiction to handle this matter as a challenge to the court's original restitution order that Stark pay his restitution "immediately." *See Sample v. Fed. Bureau of Prisons,* No. CA C-02-265, 2011 WL 837696, at *3 (S.D. Tex. Feb. 11, 2011), *R. & R. adopted*, No. CIV.A. C-02-265, 2011 WL 863601 (S.D. Tex. Mar. 9, 2011) ("the Fifth Circuit in *Diggs* took care to note that the prisoner had not been ordered by the court to pay restitution immediately, as Plaintiff was, and suggested that the outcome would have been altered if he had"); *United States v. Broadus*, No. 3:10-CR-183-B (01), 2014 WL 4060048, at *2 (N.D. Tex. Aug. 15, 2014); *United States v. Arafat*, No. 12-CR-45-SRNJJG, 2020 WL 5362640, at *2 (D. Minn. Sept. 8, 2020). Stark is arguing against the immediate deduction of his stimulus payment for restitution (pursuant to § 3664) and wishes to remain on the IFRP schedule of $25 quarterly payments. To the extent Stark wants to contest his IFRP payment plan after the full amount of his stimulus payment has been deducted, he should seek relief by first exhausting his administrative remedies then by filing a § 2241 habeas action in the district of his incarceration.

> (2) fuel, provisions, furniture, and personal effects worth no more than $6,250 in value;
> (3) books and tools of a trade, business, or profession;
> (4) unemployment benefits;
> (5) undelivered mail;
> (6) certain annuity and pension payments under the Railroad Retirement Act, the Railroad Unemployment Insurance Act, and for military service;
> (7) workman's compensation;
> (8) judgments for support of minor children;
> (10) certain service-connected disability payments; and
> (12) assistance under the Job Training Participation Act.

26 U.S.C. § 6334(a)(1)-(8), (10), and (12). The undersigned finds that these exemptions do not apply to Stark's stimulus payment. The Judgment in this case also calls for at least 50% of receipts received from gifts, tax returns, inheritances, non-recurring bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid fine balance *within 5 days* of receipt." (Doc. #32, at 8.)

Moreover, courts have required that stimulus payments be applied to restitution obligations, either as "substantial resources" under § 3664(n) or because of a "material change" in the defendant's economic circumstances under § 3664(k). See *United States v. Toole*, No. 21-10651, 2022 WL 503736, at *2 (11th Cir. Feb. 18, 2022) (upholding district court decision that a stimulus payment the defendant received under the CARES Act constituted a "substantial resource" under § 3664(h) and was not exempt from a restitution order); *United States v. Wade*, No. 8:04-CR-462, 2022 WL 170643, at *3 (D. Neb. Jan. 19, 2022) ("An influx of stimulus funds represents receipt of substantial resources [while] incarcerated that, under 18 U.S.C. § 3664(n) must be applied to outstanding restitution obligations.") (citing *United States v. Davis*, No. 3:14-CR-47 JD, 2021 WL 2678765, at *1 (N.D. Ind. June 30, 2021)); *United States v. Myers*, No. 1:17-CR-258, 2021 WL 3502469, at *1 (D.N.D. Aug. 9, 2021) ("The Court is not aware of any provision in the America Rescue Plan Act of 2021 which exempts stimulus funds from being

4

seized by the Government for application toward outstanding criminal monetary penalties."); *United States v. Shaw*, No. 05-20073-JWL, 2021 WL 3144836, at *2 (D. Kan. July 26, 2021) (quoting 18 U.S.C. § 3664); *United States v. Brown*, No. 4:17-CR-51 RLW, 2021 WL 1945855, at *2 (E.D. Mo. May 14, 2021) (concluding that stimulus payment constituted a material change of economic circumstances under § 3664(k)).

Consequently, the Bureau of Prisons has not acted unlawfully or improperly in deducting stimulus funds Stark received to pay towards restitution owed. The court also notes that the entire amount of the stimulus check has not yet been deducted—only a little over half ($742.88 out of $1,400). To the extent the remaining amount is in Stark's inmate account, the BOP has the authority to apply it to his restitution obligation through the IFRP pursuant to 18 U.S.C. 3664(n). Therefore, Stark's motion lacks merit and should be denied.

### III. RECOMMENDED DISPOSITION

The undersigned recommends that the district court deny the Defendant's Motion for Adjustment of Restitution Order. (Doc. #35.)

### IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and

recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 11th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE