**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § | **CASE NUMBER 1:12-CR-00011-MAC** |
| | § § | |
| **JOHN STEVEN STARK** | § § | |

**REPORT AND RECOMMENDATION ON FIRST AMENDED**
**PETITION FOR WARRANTFOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed March 23, 2026, alleging that Defendant, John Steven Stark, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

John Steven Stark was sentenced on September 8, 2012, before The Honorable Ron Clark, of the Eastern District of Texas, after pleading guilty to the offense of Bank Robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. John Steven Stark was subsequently sentenced to 169 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, financial disclosure, credit and gambling restrictions, a $100 special assessment, and $5,390.17 restitution. Payment of restitution was ordered to be paid

1

and credited jointly in this case and United States District Court, Eastern District of Texas, Case No. 1:12CR44-1. It was not intended to be paid separately in each case.  On July 1, 2022, this case was reassigned to U.S. District Judge Marcia A. Crone.

## II.  The Period of Supervision

On June 7, 2024, John Steven Stark completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision raising three allegations.  The petition alleges that John Steven Stark violated the following conditions of release:

Allegation 1. The defendant shall not commit another federal, state, or local crime.

Allegation 2. The defendant shall not commit another federal, state, or local crime.

Allegation 3. The defendant shall refrain from any unlawful use of a controlled substance.

## IV.  Proceedings

On June 2, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation.  Defendant agreed to plead "true" to the third allegation that claimed he failed to refrain from any unlawful use of a controlled substance.   In return, the parties agreed that he should serve a term of 18 months' imprisonment, which shall run consecutively with the terms of imprisonment imposed in Liberty County, Texas, Cause Nos. 24DC-CR-00783 and 24DC-CR-00772, and concurrently with the term of

imprisonment imposed upon revocation in United States District Court, Eastern District of Texas, Case No. 1:12CR44-1, with no supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to refrain from any unlawful use of a controlled substance, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to U.S.S.G. § 7C1.4(b), any term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. Defendant's agreed upon revocation sentence shall run consecutively to any other term of imprisonment he is serving.

According to U.S.S.G. § 7C1.4, application note 4, any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation should be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7C1.5 (Term of Imprisonment – Supervised Release), and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. Records show Stark has a current total outstanding restitution balance of $1,512.01.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

### VI. Application

Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from any unlawful use of a controlled substance. Based upon Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade C violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 8 to 14 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory

sentencing factors will best be served by a prison sentence of 18 months' imprisonment, which shall run consecutively with the terms of imprisonment imposed in Liberty County, Texas, Cause Nos. 24DC-CR-00783 and 24DC-CR-00772, and concurrently with the term of imprisonment imposed upon revocation in United States District Court, Eastern District of Texas, Case No. 1:12CR44-1, with no supervised release to follow.  This upward departure is warranted given his revocation in this case and the revocation sentence imposed concurrently in Case No. 1:12CR44-1, as well as his state convictions show a Grade B violation of conditions with a higher guideline range.  The agreed upon sentence of 18 months splits the difference between the ranges for a Grade B and C violation.

## VII. Recommendations

The court should find that Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to refrain from any unlawful use of a controlled substance.  The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  Defendant should be sentenced to a term of 18 months' imprisonment, which shall run consecutively with the terms of imprisonment imposed in Liberty County, Texas, Cause Nos. 24DC-CR-00783 and 24DC-CR-00772, and concurrently with the term of imprisonment imposed upon revocation in United States District Court, Eastern District of Texas, Case No. 1:12CR44-1, with no supervised release to follow.  Defendant requested to serve his prison term at the Federal Correctional Institution in Tucson, Arizona. Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and

consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 3rd day of June, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE